**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

METROPOLITAN LIFE INS. CO.,

    Plaintiff,

v.

PHYLLIS HOENSTINE, MARCUS W.
MILLARD, R.S.H. (a minor),

    Defendants.
_____

PHYLLIS HOENSTINE and R.S.H. (a minor),

    Cross-Plaintiffs/Counter-Defendants,

v.

MARCUS W. MILLARD,

    Cross-Defendant/Counter-Plaintiff.
_____/

Case No. 14-CV-11525-DT

HONORABLE DENISE PAGE HOOD

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

Plaintiff Metropolitan Life Insurance Company ("Met Life") filed the instant Complaint for Interpleader against Defendants Phyllis Hoenstine, Marcus W. Millard and R.S.H., a minor. The three Defendants filed competing claims to the proceeds of the decedent's life insurance benefits under a group life insurance policy issued by Met Life through the decedent's employer, General Motors. The life insurance benefit

was part of the General Motors Life and Disability Program (the "Plan"), an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

The decedent died on July 22, 2013. (Comp., Ex. E) The primary beneficiary of record pursuant to the latest designation form dated December 3, 2011 is Marcus W. Millard. (Comp., Ex. C) In a March 9, 2008 beneficiary designation form, Phyllis Hoenstine (decedent's sister) and R.S.H. (decedent's grandson) were named as primary beneficiaries. (Comp., Ex. D) Hoenstine filed a Statement of Claim dated September 30, 2013. (Comp., Ex. H) Met Life sent letters to Hoenstine, Millard and R.S.H. indicating their claims were adverse to one another and that Met Life could not resolve the issue without exposing the Plan to the danger of double liability. (Comp., Ex. I) Met Life indicated in the letters that there is an allegation of fraud by Hoenstine contesting the latest beneficiary designation of Millard filed with the Plan. Met Life claims it could not resolve the fraud issue without a court determining the issue. (*Id.*)

Hoenstine indicated to a Met Life representative on August 13, 2013 that she contested the validity of the 2011 beneficiary designation alleging that it was fraudulent. (Comp., ¶ 16) The decedent's niece, Julie Turk, sent a letter dated August 14, 2013 to Met Life stating that the decedent intended for Hoenstine and R.S.H. to be beneficiaries of the life insurance. (Comp., ¶ 17) Turk indicated that the decedent

hired "Felecia" as part time help to assist the decedent because he was blind with partial paralysis from a stroke. (Comp., Ex. F) Turk claimed that Felecia had moved her boyfriend, "Marcus," and children, into the decedent's home. (*Id.*) Turk alleges various forms of abuse against her uncle in the letter, including not allowing his relatives to see him at the home, identity fraud and taking appliances and copper pipes from the home. (*Id.*) Hoenstine also wrote Met Life alleging abuse of the decedent by Millard and that various individuals were told by the decedent that the decedent wanted his grandson and sister to have his life insurance. (Comp., Ex. G)

Met Life filed the instant interpleader action on April 15, 2014. All Defendants were served with the Interpleader Complaint. (Doc. Nos. 6, 7 and 11) Hoenstine and R.S.H. filed an Answer and Cross-Claim against Millard on June 24, 2014. (Doc. No. 9) On July 23, 2014, Hoenstine and R.S.H. filed the instant Motion for Summary Judgment (considered as a Motion to Dismiss under Rule 12(b)(6) since this court rule is cited and not Rule 56). To date, no response has been filed to the motion.

At the scheduled hearing on the motion on September 17, 2014, Millard appeared *pro se*, indicating he had retained counsel. An appearance was filed by counsel on behalf of Millard on September 23, 2014, along with Answers to the Complaint and Crossclaim and a Counterclaim on September 30, 2014. (Doc. Nos. 16, 18, 19) Met Life deposited the funds at issue with the Court and has been

dismissed from the case. (Doc. No. 21) A scheduling conference has been held with the remaining parties and a Scheduling Order issued. (Doc. No. 22)

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2), *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibility" suggestive of a claim entitling a plaintiff to relief. *Id.* The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light

5

most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

      **B.**    **Hoenstine and R.S.H.'s Motion for Summary Judgment (Dismiss)**

As noted above, Hoenstine and R.S.H. filed a Motion for Summary Judgment, which the Court considers as a Motion to Dismiss under Rule 12(b)(6) of the Rules of Civil Procedure since they only cite to Rule 12(b)(6) in their motion, and not Rule 56 which governs motions for summary judgment.

In their motion, Hoenstine and R.S.H. assert that there is no case or controversy that might subject Met Life to liability to different claimants since the Complaint does

not allege that Millard claimed the proceeds for himself, and that only Hoenstine and R.S.H. submitted claims for the proceeds. Hoenstine and R.S.H. claim that as between the two of them, their claims are not adverse to each other pursuant to the March 9, 2008 beneficiary designation. Any controversy would only involve Millard, but because he has never claimed the proceeds for himself, Hoenstine and R.S.H. assert no such controversy exists and that Met Life would not be exposed to double liability. Hoenstine and R.S.H. request that the Court enter summary judgment in their favor.

Reviewing the Interpleader Complaint filed by Met Life against the three identified Defendants, the Court finds that Met Life has stated a claim for interpleader. Met Life alleges that there are two competing designation of beneficiary forms in their possession. (Comp., ¶¶ 12, 13) Although Hoenstine and R.S.H. assert that both of them have filed claims before Met Life, the exhibit by Met Life only shows that Hoenstine filed a claim, not R.S.H., or anyone on his behalf. (Comp., Ex. H) Even if the Court were to dismiss the Interpleader Complaint under Rule 12(b)(6), the Court cannot grant the relief requested by Hoenstine and R.S.H. to order Met Life to give the proceeds to Hoenstine and R.S.H. A Rule 12(b)(6) dismissal only means that Met Life has failed to state a claim against Hoenstine and R.S.H. This outcome was not likely intended by Hoenstine and R.S.H. Such a ruling under Rule 12(b)(6) would mean that Met Life is not be liable to Hoenstine and R.S.H. since the Interpleader

Complaint would be dismissed. In addition, since Met Life has not filed a request for clerk's entry of default against Millard, the Court cannot order Met Life to award the proceeds to Hoenstine and R.S.H. since at the time the motion was filed, Millard was still a defendant in the Interpleader Complaint before the Court.

Even if the Court were to consider the motion under Rule 56(a), the Court, at this stage, cannot enter judgment in favor of both Hoenstine and R.S.H. The exhibits submitted by Met Life with the Interpleader Complaint only show that Hoenstine filed a proof of claim, and not R.S.H. As alleged by Met Life, there are two competing beneficiary forms. No default judgment has been entered against Millard on the Interpleader Complaint. The Interpleader Complaint contains questions of fact as to who the appropriate beneficiaries are under the insurance policy at issue which precludes entry of judgment in favor of Hoenstine and R.S.H.

Because Met Life has stated a claim upon which relief may be granted in its Interpleader Complaint against all three Defendants, the Court denies Hoenstine and R.S.H.'s Motion for Summary Judgment, considered as a Motion to Dismiss.

### III. CONCLUSION

For the reasons set fort above,

IT IS ORDERED that Defendants Phyllis Hoenstine and R.S.H.'s Motion for Summary Judgment and Substitute Service **(Doc. No. 10)** is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: February 11, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager